# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGEL NICHOLAS DOUGLAS,<br><br>Plaintiff,<br><br>v.<br><br>BOP DIRECTOR *et al.*,<br><br>Defendants. | Case No. 5:19-cv-01015-R (MAA)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR PERMANENT INJUNCTION** |

On May 2, 2019, Plaintiff Nigel Nicholas Douglas ("Plaintiff"), a federal prisoner currently incarcerated at the Pulaski County Detention Center in Ullin, Illinios, filed a Complaint alleging that Defendants BOP Director, Unit Counselor Villanueva, Unit Officer Melix, Property Officer Cardenas, Officer Zumkher, R&D Staff Gonzales, Rec. Officer Joseph, and Unknown Others (collectively, "Defendants") wrongfully converted Plaintiff's property—mainly original artwork created by Plaintiff and art supplies—when Plaintiff was placed in a solitary housing unit ("SHU") and transferred. (Compl., ECF No. 1.) Plaintiff asserts claims for conversion, trespass to chattel, unjust enrichment, theft, conspiracy, replevin, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*Id.* at 12–15.)

Before the Court is Plaintiff's Motion for Permanent Injunction, which Plaintiff filed on May 16, 2019. ("Motion," ECF No. 8.) Plaintiff requests an injunction ending Defendants' alleged predatory practice of acquiring inmate property when inmates are placed in SHU or transferred, and an inventory and return of Plaintiff's property. (*Id.* at 2–3.)

"The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court . . . ." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). "To be entitled to a permanent injunction, a plaintiff must demonstrate: (1) actual success on the merits; (2) that it has suffered an irreparable injury; (3) that remedies available at law are inadequate; (3) that the balance of hardships justify a remedy in equity; and (4) that the public interest would not be disserved by a permanent injunction." *Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Rels.*, 730 F.3d 1024, 1032 (9th Cir. 2013); *see also Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.").

Here, Plaintiff has not demonstrated actual—or even likely—success on the merits, that he has suffered an irreparable injury, that remedies at law are inadequate, that the balance of hardships justify a remedy in equity, or that the public interest would be served by a permanent injunction. Accordingly, the Motion is DENIED.

IT IS SO ORDERED.

DATED: September 30, 2019

GARY R. KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE