UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. **5:19-cv-01015-R (MAA)**            Date: **November 20, 2019**

Title   **Nigel Nicholas Douglas v. BOP Director *et al.***

---

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     Order to Show Cause Why This Case Should Not Be Dismissed

## Introduction

On May 2, 2019, Plaintiff Nigel Nicholas Douglas ("Plaintiff"), an inmate at Pulaski County Detention Center, Illinois, filed a Complaint *pro se* in the Southern District of California. (Compl., ECF No. 1.) The case was transferred to the Central District of California on June 4, 2019. (ECF No. 4.) On June 5, 2109, the Court granted Plaintiff's application to proceed *in forma pauperis*. (IFP Order, ECF No. 6.)

## Allegations and Claims

The Complaint states that it is a lawsuit based on diversity and supplemental jurisdiction. (*Id*. at 2.) The Complaint is filed against: (1) the unnamed Bureau of Prisons ("BOP") director, a resident of Washington, in his or her official capacity; (2) Defendants Villanueva, Melis, Cardenas, Gonzales, Zumkher, and unknown others, who are citizens of California; and (3) Defendant Rod Joseph, a citizen of Pennsylvania (each, a "Defendant," and collectively, "Defendants"). (Compl. 2–3.) The Complaint alleges that Defendants wrongfully converted Plaintiff's property—mainly original artwork created by Plaintiff and art supplies—when Plaintiff was placed in a solitary housing unit and transferred. (*Id*. at 1–2.) The Complaint estimates the value of Plaintiff's unlawfully detained personal property is $861,000. (*Id*. at 2.) The Complaint asserts claims for replevin, conversion, tortious trespass to chattel, unjust enrichment, tortious civil conspiracy, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*Id*. at 12–15.) Plaintiff seeks: (1) injunctive relief; (2) compensatory damages; (3) $50,000 in punitive damages;

(4) fees and costs of suit; and (5) any and all such other and further relief as appears reasonable.  (*Id*. at 21.)

On May 16, 2019, Plaintiff filed a Motion to Clarify and or to Correct Record or, in Alternative, Request to Amend Complaint ("Motion to Clarify," ECF No. 9).  The Motion to Clarify stated that Plaintiff had received the court's docket sheet, which stated that the nature of the case was prisoner civil rights, the jurisdiction invoked was federal question, and the case was made pursuant to 42 U.S.C. § 1983.  (*Id*. at 2.)  In the Motion to Clarify, Plaintiff stated that he is not suing any Defendants in their official capacities and there are no Constitutional claims at issue, and thus there is no basis for federal question jurisdiction.  (*Id*. at 3.)  If the Court determined that Plaintiff is invoking federal question jurisdiction as opposed to diversity jurisdiction—based on Plaintiff's RICO and conspiracy claims—Plaintiff requested leave to withdraw any claims that may implicate federal question jurisdiction and to amend his Complaint to assert viable state law claims under diversity jurisdiction.  (*Id*. at 3.)  On June 5, 2019, the Court denied Plaintiff's Motion to Clarify and granted Plaintiff leave to file a First Amended Complaint ("FAC") no later than July 13, 2019.  (Order, ECF No. 10).

When Plaintiff did not timely file a FAC, on August 5, 2019 the Court issued an order to show cause why the lawsuit should not proceed with the original Complaint as the operative pleading.  (OSC, ECF No. 12.)  On September 23, 2019, Plaintiff filed a Request for Judicial Notice stating that Plaintiff filed a FAC in the Southern District of California, that the FAC was not transferred to this Court, and that Plaintiff is unable to obtain his papers to refile his FAC.  (Req. Judicial Not., ECF No. 17.)  As Plaintiff has not filed a FAC to date, the Complaint remains the operative pleading.

**<u>Analysis</u>**

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, or in which a plaintiff proceeds *in forma pauperis*.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted.  *Id.*

Regardless of whether the Court had accepted the Motion to Clarify, the Complaint is deficient for the following reasons.

### Tort Claims

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for tortious actions of federal government employees.  *See* 28 U.S.C. § 2679(b)(1).  Thus, regardless of whether the Complaint has diversity jurisdiction, the FTCA is Plaintiff's exclusive means of asserting any tort claims —that is, all the claims in the Complaint except civil RICO.  *See id.*  The Complaint fails to state any FTCA claims for two reasons.

First, the Complaint does not name a proper FTCA defendant.  The FTCA can only be asserted against the United States and not against individual employees, in either their official or individual capacities.  *See id.*; *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).

Second, and most significantly, the FTCA does not provide a remedy for prisoners' lost property.  *See* 28 U.S.C. § 2680(c); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 215–16 (2008). Although the FTCA waives the federal government's sovereign immunity from suit, such waiver does not extend to suits for the deprivation of property.  *See Harris v. Valero*, No. 1:11-cv-02123 BAM (PC), 2013 U.S. Dist. LEXIS 81406, at *9–10, 2013 WL 2481937, at *4 (E.D. Cal. June 10, 2013).

### Civil RICO

To state a civil RICO claim, a "plaintiff[] must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff['s] 'business or property.'"  *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)).  Civil RICO claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004) (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989)).  The Complaint fails to state a civil RICO claim for the following reasons.

First, the Complaint does not allege sufficient facts to plead the existence of an enterprise under civil RICO—that is, "(A) a common purpose, (B) a structure or organization, and

(C) longevity necessary to accomplish the purpose." *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).

Second, the Complaint does not allege any acts of "racketeering activity," which is defined as specified criminal and predicate acts in 18 U.S.C. § 1961(1). *See* 18 U.S.C. § 1961(1).

Third, the Complaint does not allege a "pattern" of racketeering—that is, at least two acts listed in 18 U.S.C. § 1961(1) within a ten-month period. 18 U.S.C. § 1961(5). To constitute a pattern, a plaintiff must show "that the racketeering practices are related, and that they amount to or pose a threat of continued criminal activity," and are not merely "sporadic activity." *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)).

**Due Process**

The Motion to Clarify asserts that Plaintiff is not asserting any Constitutional claims. (Mot. Clarify 3.) To the extent that Plaintiff would assert a Fifth Amendment procedural due process claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] such claim would fail for two reasons.

First, a prisoner cannot state a constitutional claim for the deprivation of property where the government provides an adequate post-deprivation remedy. *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991). A meaningful remedy exists through the Prison Administrative Remedy Program. *Harris*, 2013 U.S. Dist. LEXIS 81406, at *9, 2013 WL 2481937, at *4. An adequate remedy also exists through 31 U.S.C. § 3723(a). *Marulanda v. U.S. Marshals Serv.*, No. 2:04-cv-2798-HRH, 2010 U.S. Dist. LEXIS 153484, at *18 (D. Ariz. Apr. 7, 2010).

Second, the Supreme Court has approved of an implied *Bivens* remedy in only three instances. *See Bivens,* 403 U.S. at 389 (Fourth Amendment for unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (Fifth Amendment Due Process clause for gender

---

[1] *Bivens* is the vehicle to assert civil rights claims against federal actors. *See Gibson v. United States*, 781 F.2d 1334, 1341 (9th Cir. 1986) ("*Bivens* actions, the judicially crafted counterpart to Section 1983, enable victims of federal misconduct to sue the individual federal wrongdoers responsible for the transgression of their rights.")

discrimination); *Carlson v. Green,* 446 U.S. 14, 19 (1980) (Eighth Amendment Cruel and Unusual Punishments clause for failure to provide adequate medical treatment).  The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Ziglar v. Abbasi*, 582 U.S. ___, ___, 137 S. Ct. 1843, 1857 (2017).

**Conclusion**

For the reasons set forth above, the Court concludes that the Complaint fails to state any claims.  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, no later than **December 20, 2019**, why the Magistrate Judge should not recommend that this case be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff may discharge this Order to Show Cause by filing a FAC, no later than December 19, 2019, that corrects the deficiencies explained herein.  If Plaintiff files a FAC, Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.  **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**

A complaint dismissed for failure to state a claim without leave to amend may count as a strike under 28 U.S.C. § 1915(g), which bars prisoners from bringing federal civil actions/appeals *in forma pauperis* if they have had three prior actions/appeals dismissed on grounds of frivolousness, maliciousness, or failure to state a claim upon which relief may be granted.  Thus, instead of responding to this Order to Show Cause, Plaintiff may request voluntary dismissal of the action using the attached Notice of Voluntary Dismissal form.

**Plaintiff is advised that failure to comply with this order will result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders**.  *See* **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**

Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of the claim.  Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action.

However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

It is so ordered.

<u>Attachment</u>
Notice of Dismissal (CV-09)
Civil Rights Complaint Form (CV-66)

|  |  |
|---|---|
| **Time in Court:** | 0:00 |
| **Initials of Preparer:** | CSI |